[Cite as *Franklin Dissolution L.P. v. Athenian Fund Mgt. Inc.*, 2022-Ohio-623.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

FRANKLIN DISSOLUTION L.P., :

    Petitioner-Appellee, :

                           No. 110641

    v. :

ATHENIAN FUND MANAGEMENT, INC., :

    Respondent-Appellant. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 3, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-942792

---

*Appearances:*

Taft, Stettinius & Hollister, L.L.P., David H. Wallace, and Jozeff W. Gebolys, *for appellee.*

Arnold & Clifford L.L.P., James E. Arnold, and Damien C. Kitte, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Athenian Fund Management, Inc. ("AFMI") appeals the trial court's order granting Franklin Dissolution L.P.'s ("Franklin Dissolution") motion to compel arbitration based on a dispute concerning a management agreement.

Because the arbitration provision in the Management Agreement is valid and the dispute falls within the scope of the arbitration provision, we affirm the judgment of the trial court compelling arbitration.

## I. PROCEDURAL HISTORY AND FACTS

{¶ 2} In December 2004, Athenian Venture Partners III L.P. (the "Fund") was formed as an investment fund. The Fund entered into a Management Agreement with AFMI to act as the fund manager and to be paid quarterly fees from the fund. In June 2018, the Fund began to plan its dissolution. In December 2018, the Fund informed AFMI that it would suspend payment of fees to AFMI. In January 2020, the Fund merged with Franklin Dissolution. At that time, AFMI informed Franklin Dissolution that the Fund was still required to pay the quarterly fees under the Management Agreement. Franklin Dissolution responded that it believed the Management Agreement was terminated when the Fund ceased to exist and it had no obligation to pay the management fees.

{¶ 3} In December 2020, Franklin Dissolution informed AFMI that the Fund had one remaining liability, AFMI's claim for fees. Without response from AFMI, Franklin Dissolution filed a demand for arbitration. AFMI thereafter did not consent to the arbitration, and the procedure was halted.

{¶ 4} On January 11, 2021, Franklin Dissolution filed a petition to compel arbitration in the court of common pleas. In its petition, Franklin Dissolution alleged that it was the successor to the Fund, that a dispute arose between it and

AFMI as to whether fees were due AFMI, and asked the trial court to order arbitration.

{¶ 5} On February 22, 2021, AFMI filed an answer to the petition and asserted counterclaims against the "Fund and/or" Franklin Dissolution for breach of contract. AFMI sought recovery of unpaid fees and a declaratory judgment that Franklin Dissolution is not entitled to the benefit of the Management Agreement's arbitration clause without accepting its obligation to pay the management fees due AFMI. AFMI did not join the Fund as a party to the lawsuit.

{¶ 6} The terms of the Management Agreement attached to the petition provide in paragraph 12 that "[s]ubject to the provisions of Section 13 hereof, the term of this Agreement shall be co-extensive with the term of existence of the" Fund. Paragraph 13 provides a mechanism for termination of the Management Agreement upon occurrence of certain specified events. The Management Agreement further provides that "[s]ubject to the provisions of this Section 15, this Agreement shall inure to the benefit of and be binding upon the parties hereto and their successors and permitted assigns." Additionally, the Management Agreement provides in paragraph 14 that

> [a]ny dispute between the parties arising out of or relating to this Agreement or the affairs and activities of the Partnership shall be settled by arbitration in Athens County, Ohio, in accordance with the provisions of the Ohio Arbitration Act, Chapter 2711 of the Ohio. Revised Code. This agreement to arbitrate shall be specifically enforceable, the arbitration decision shall be final and judgment may be entered upon the arbitration decision in any court having jurisdiction over the subject matter of the dispute.

**{¶ 7}** The trial court held a hearing and granted the petition, ordered arbitration, and stayed ruling on Franklin Dissolution's motion to dismiss counterclaims. The trial court denied AFMI leave to conduct discovery to determine whether the dispute was subject to the arbitration provision in the Management Agreement. After the hearing, Franklin Dissolution filed an affidavit to which it attached a copy of Franklin Dissolution's partnership agreement indicating it to be the successor to the Fund pursuant to a merger. In ruling upon the petition, the trial court found that

> [h]ere, the arbitration provision of the Management Agreement specifically sets out what disputes are arbitrable, the rules governing any potential arbitration, and where the arbitration would take place. Also, the Management Agreement was entered into by two entities formed by the same individual with seemingly comparable bargaining power.

**{¶ 8}** The trial court held that "the Management Agreement contains a valid arbitration provision and that petitioner is aggrieved by respondent's failure to comply with it." It further held that "the underlying dispute could not be maintained without reference to the Management Agreement, and thus, that the dispute falls within the scope of the arbitration provision."

**{¶ 9}** AFMI appeals the trial court's judgment ordering arbitration.

## II. LAW AND ARGUMENT

### A. Assignments of Error

**{¶ 10}** AFMI raises two assignments of error:

Assignment of Error 1: The trial court erred by granting Franklin [Dissolution's] motion to compel arbitration.

Assignment of Error 2: The trial court erred by not permitting discovery on the arbitrability of the parties' dispute.

{¶ 11} AFMI argues under these assignments of error that the trial court conducted too narrow of an inquiry in granting the petition because it maintains that Franklin Dissolution was formed for the purpose of avoiding payment of fees due under the Management Agreement. It argues that discovery was required to develop the record of its assertion and to determine if Franklin Dissolution is the successor to the Fund.

{¶ 12} Franklin Dissolution argues that the trial court properly granted the petition because resolution of the dispute and claims of the parties are dependent upon the terms and conditions contained in the Management Agreement. It argues that, therefore, the arbitration provision is enforceable.  It further argues that there is no dispute as to the validity of the Management Agreement or its enforceability, that it is the successor to the Fund, and therefore the trial court did not abuse its discretion in denying AFMI the ability to conduct discovery.

## B.  Applicable Law and Standard of Review

{¶ 13} Ohio law allows for the enforcement of an arbitration provision in a written agreement.  R.C. 2711.01(A) reads in relevant part:

> A provision in any written contract * * * to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract, or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously

create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract.

{¶ 14} A trial court may summarily resolve a petition to enforce an arbitration provision where no jury demand has been made. R.C. 2711.03 (B). If the court is "satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement." R.C. 2711.03 (A).

{¶ 15} The Ohio Supreme Court set forth the principles underlying a court's determination of whether to order arbitration pursuant to a written agreement as 1) whether the parties agreed to submit any dispute to arbitration; 2) whether the agreement creates an obligation to arbitrate a particular grievance; 3) when deciding if the parties agreed to submit a particular grievance to arbitration, the court is not to rule on the potential merits of underlying claims; and 4) that where an arbitration provision is contained in a contract, there is a presumption of arbitrability. *Academy of Medicine of Cincinnati v. Aetna Health, Inc.*, 108 Ohio St.3d 185, 2006-Ohio-657, 842 N.E.2d 488, ¶ 10 – 14, citing *Council of Smaller Ents. v. Gates, McDonald & Co.*, 80 Ohio St.3d 661, 687 N.E.2d 1352 (1998).

{¶ 16} We review a trial court's ruling on a motion to stay and compel arbitration under a de novo standard. *Wisniewski v. Marek Builders, Inc.*, 2017-Ohio-1035, 87 N.E.3d 696, ¶ 5 (8th Dist.), citing *McCaskey v. Sanford-Brown College*, 8th Dist. Cuyahoga No. 97261, 2012-Ohio-1543. But factual findings of the trial court under this standard of review are to be given deference. *Gibbs v.*

*Firefighters Community Credit Union*, 2021-Ohio-2679, 177 N.E.3d 294, ¶ 13 (8th Dist.), citing *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 38.

{¶ 17} In contrast to the de novo review standard of review employed to determine the validity of a court's ruling on the validity of an arbitration provision, an appellate court reviews a decision to deny discovery under an abuse of discretion standard. *Roark v. Keystate Homes, L.L.C.,* 2021-Ohio-707, 169 N.E.3d 1, ¶ 31 (8th Dist.); *see Wozniak v. Tonidandel*, 121 Ohio App.3d 221, 227, 699 N.E.2d 555 (8th Dist.1997), citing *State ex rel. Daggett v. Gessaman*, 34 Ohio St. 2d 55, 295 N.E.2d 659 (1973). "[T]he term 'abuse of discretion' implies that the court's attitude was unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

### C. The trial court properly ordered arbitration

{¶ 18} Ohio has a strong public policy favoring arbitration of disputes, and there is a presumption favoring arbitration that arises when the dispute falls within the scope of an arbitration provision. *Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, at ¶ 25 – 27. "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Sebold v. Latina Design Build Group, L.L.C.*, 2021-Ohio-124, 166 N.E.3d 688, ¶ 10 (8th Dist.), citing *Moses H. Cone Mem.*

*Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

{¶ 19} In this case, the petition to compel arbitration identifies a dispute between Franklin Dissolution and AFMI. AFMI asserts that Franklin Dissolution owes it fees under the Management Agreement from January 2019. Franklin Dissolution asserts that under the terms of the Management Agreement it has no obligation as successor to the Fund to pay those fees.

{¶ 20} The Management Agreement contains an arbitration provision. Although both AFMI and Franklin Dissolution dispute the meaning of the terms within the Management Agreement and their respective rights and obligations under that agreement, neither AFMI or Franklin Dissolution contest the validity of the Management Agreement or the arbitration provision. *Aetna Health, Inc.,* 198 Ohio St.3d 185, 2006-Ohio-657, 842 N.E.2d 488, at ¶ 11. Further, the arbitration agreement required arbitration for the resolution of "[a]ny dispute between the parties arising out of or relating to this Agreement or the affairs and activities of the Partnership shall be settled by arbitration * * *." *Id.* at ¶ 12. The trial court found that the resolution of the dispute cannot be resolved without reference to the terms of the Management Agreement. *Id.* at ¶ 13. As such, the trial court properly granted the motion to compel arbitration. *See Sebold*, 2021-Ohio-124, 166 N.E.3d 688, at ¶ 15 ("We are not persuaded by the Sebold's argument that their claims fall outside of their agreement to arbitrate — none of their claims could be maintained without reference to the contract and none of the claims preclude arbitration.").

{¶ 21} AFMI's arguments against enforcing the arbitration provision in the Management Agreement do not dissuade us that the trial court properly ordered arbitration in this case. AFMI's arguments that contest the intent in the formation of Franklin Dissolution to avoid the payment of fees by the Fund to avoid arbitration are related to the "the affairs and activities of the [Fund]" that are within the scope of the arbitration agreement. There is a presumption of arbitrability under Ohio law. *Id.* at ¶ 14; *Sebold* at ¶ 10. As such, any argument over the intent in dissolving the Fund by merger with Franklin Dissolution is subject to the arbitration provision in the Management Agreement.

{¶ 22} AFMI argues that because Franklin is denying responsibility for payment of fees under the Management Agreement because the agreement terminated, it is estopped from attempting to enforce the arbitration provision. However, a party does not waive enforcement of an agreement's arbitration provisions simply because that agreement has been terminated. *Colegrove v. Handler*, 34 Ohio App.3d 142, 145, 517 N.E.2d 979, 983 (10th Dist.1986).

{¶ 23} Finally, AFMI asserts the trial court should have allowed discovery because of the alleged ill intent in the formation of Franklin Dissolution and to determine whether Franklin Dissolution is the successor to the Fund. But the argument regarding intent in the formation of Franklin Dissolution does not identify any issue in the formation of the Management Agreement or the enforceability of the arbitration provision therein. As to the necessity for further discovery to determine whether Franklin Dissolution is the successor to the Fund, Franklin

Dissolution asserted in the petition to compel arbitration that it was the successor to the Fund, asserted at the hearing held to the trial court that it "stood in the same shoes" as the Fund, and thereafter filed its partnership agreement indicating it is the entity that merged with the Fund. As such, we cannot find that the trial court's decision to deny AFMI discovery before ruling upon Franklin Dissolution's motion to compel arbitration was an abuse of the trial court's discretion. *See Roark,* 2021-Ohio-707, 169 N.E.3d 1, at ¶ 31.

{¶ 24} The first and second assignments of error are overruled.

## III. CONCLUSION

{¶ 25} The trial court properly granted Franklin's motion to compel arbitration because there was no evidence presented to the trial court that the arbitration provision in the Management Agreement was invalid or otherwise not subject to enforcement. Further, the trial court did not err by denying AFMI's request for discovery where AFMI did not dispute the applicability or validity of the arbitration provision.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

ANITA LASTER MAYS, P.J., and
EMANUELLA D. GROVES, J., CONCUR

KEYWORDS:

Petition to compel arbitration; R.C. 2711.03(A) and (B); denial of discovery request; abuse of discretion.

Successor to investor fund filed petition to compel arbitration to resolve fund manager's claim for fees. The trial court properly limited its inquiry to determining the validity of the arbitration agreement in granting the petition to compel arbitration and properly found that it was necessary to apply terms of the contract containing the arbitration provision to resolve the parties' dispute. The trial court did not abuse its discretion in denying fund manager further discovery where there was no showing discovery would assist in determining the validity of the arbitration agreement.