[Cite as *Barttile Recovery Solutions L.L.C. v. Cleavenger*, 2025-Ohio-4589.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

BARTTILE RECOVERY SOLUTIONS LLC,   :

    Plaintiff,   :

     No. 114708

    v.   :

JESSICA E. CLEAVENGER, ET AL.,   :

    Defendants-Appellees.   :

[Appeal by North East Auto Credit,   :
LLC and The LGM Company, Inc.]

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** October 2, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-980825

---

### *Appearances:*

The Misra Law Firm, LLC, and Anand N. Misra; McDowall Co., L.P.A., and Laura K. McDowall; and Robert S. Belovich Attorney LLC and Robert S. Belovich, *for appellee* Jessica Cleavenger.

Gertsburg Licata Co., L.P.A., Victor A. Mezacapa, III, and Maximilian A. Julian, *for appellants* North East Auto Credit, LLC, dba Northcoast Auto Mall, and The LGM Co., Inc.

EMANUELLA D. GROVES, J.:

{¶ 1}   Appellants North East Auto Credit, LLC ("NEAC") and The LGM Co., Inc. ("LGM") (collectively, "Appellants"), third-party defendants, appeal the trial court's decision denying their motion to compel arbitration.  For the reasons that follow, we reverse the decision of the trial court and remand for further proceedings.

**Factual and Procedural History**

{¶ 2}   In June 2023, plaintiff Barttile Recovery Solutions, LLC ("Barttile"), filed suit against defendant-appellee Jessica Cleavenger ("Cleavenger") alleging breach of contract.[1]  The complaint stemmed from Cleavenger's purchase of a 2017 Buick Encore from NEAC in 2021.  Cleavenger filed an answer denying the allegations and raising counterclaims against Barttile as well as claims against NEAC and LGM, as third-party defendants.  Cleavenger raised multiple counterclaims, including violations of the Consumer Sales Practices Act, Retail Installment Sales Act, the Uniform Commercial Code, wrongful repossession, fraud, and breach of warranty.

{¶ 3}   Appellants filed an answer to the counterclaims and subsequently filed a motion to compel arbitration, or in the alternative a motion to stay the proceeding pending arbitration, as provided in R.C. 2711.03 and 2711.02, respectively.  Appellants maintained that the dispute was governed by an arbitration clause in the original contract with Cleavenger, despite the fact that NEAC had

---

[1]Barttile did not participate in this appeal.

assigned its rights under the contract to LGM, and LGM had assigned its rights to Barttile. The retail installment sale contract Cleavenger and NEAC signed provided on its face:

> Agreement to Arbitration: By signing below you agree that pursuant to the Arbitration Provision on page 5 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

{¶ 4} The provision included a signature line, to which Cleavenger affixed her signature. The arbitration clause itself contained a statement in all capitals stating that either party could raise a dispute in arbitration and doing so would waive certain rights, including the right to have a court or a jury determine disputes under the contract. Then the arbitration clause stated, in pertinent part:[2]

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this arbitration provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

{¶ 5} The parties requested, and the trial court granted, limited discovery on the issue of arbitration. After the close of discovery, Cleavenger filed a brief in opposition to Appellants' motion claiming that she signed the contracts while under the influence of alcohol. Cleavenger further claimed that NEAC coerced her and

---

[2] Notably, there were several arbitration clauses in the contracts Cleavenger signed; however, the parties focused on this one.

issued threats to induce her to sign new contracts. Cleavenger alleged that she originally purchased the Buick in November 2021 and signed all the requisite paperwork at that time. On December 5, 2021, a representative of NEAC contacted her and accused her of having a "stolen" vehicle. She was told she needed to bring the vehicle back in order to sign new contracts.[3] Cleavenger further alleged that on December 15, 2021, a representative from NEAC called her and told her she needed to come to the dealership immediately to fill out new paperwork or they would take criminal action against her and repossess her vehicle. Cleavenger informed the representative that she had been drinking and could not drive. The representative was unpersuaded. Cleavenger averred that she then obtained a ride to the dealership and filled out the new paperwork. Thus, Cleavenger argued that

(1) She signed the December contracts, including the arbitration clause, under duress and while under the influence of alcohol, thus there was no meeting of the minds, further the contract was procedurally unconscionable.

(2) The arbitration clause, and other terms of the December contract, were an adhesion contract with one-sided terms, and there existed a severe imbalance in bargaining power rendering the contract substantively unconscionable.

(3) NEAC offered no consideration for the contract signed in December as Cleavenger had purchased the Buick a month earlier, thus there was no meeting of the minds.

---

[3] NEAC's custodian of records averred that he reviewed the November contracts in an affidavit attached to NEAC's reply brief to Cleavenger's motion opposing arbitration. He also averred that once they obtained the corrected documents from Cleavenger they did not retain the original contracts. The custodian did not detail the nature of the incorrect information in the November contracts or why it was necessary for Cleavenger to sign a complete set of new contracts.

(4) NEAC assigned its interest in the contract to Barttile and therefore, had no right to enforce the arbitration clause.

(5) NEAC failed to raise arbitration as an affirmative defense in its reply to the counterclaim and has waived its right to arbitration.

**{¶ 6}** The trial court denied Appellants' motion to compel arbitration. The court found that Cleavenger signed the contract because of duress and coercion, that Cleavenger was under the influence of alcohol such that it affected her contractual capacity, and Cleavenger's lack of legal contract sophistication and capacity because of the aforementioned factors demonstrated both substantive and procedural unconscionability. Further, the court found that Appellant's failure to present copies of the November 2021 contracts between the parties supported a finding that the subsequent contract signed in December was not supported by consideration. Finally, the trial court found that NEAC assigned all rights under the agreement to third parties without retention of any rights and therefore, had no right to compel arbitration.

**{¶ 7}** Appellants appeal that decision raising the following assignments of error for our review.

### Assignment of Error No. 1

The trial court erred as a matter of law in exercising jurisdiction over the arbitrability of the parties' dispute.

### Assignment of Error No. 2

The trial court erred as a matter of law to the extent that it exercised jurisdiction over the enforceability of the agreement between Appellants and [Cleavenger], for the purchase, sale and related financing for a motor vehicle.

## Assignment of Error No. 3

The trial court plainly erred in not conducting a hearing before denying Appellants' Motion to Compel Arbitration or Stay the Proceedings Pending Arbitration.

## Assignment of Error No. 4

The trial court erred as a matter of law and/or abused its discretion in finding that the parties' arbitration [clause] failed because Cleavenger allegedly lacked capacity to contract with NEAC for the purchase/sale of a motor vehicle.

## Assignment of Error No. 5

The trial court erred as a matter of law in finding that the parties' arbitration [clause] failed because it was allegedly unconscionable.

## Assignment of Error No. 6

The trial court erred as a matter of law in finding that the parties' arbitration [clause] failed because their agreement for the purchase/sale of a motor vehicle allegedly failed for a supposed "lack or failure of consideration."

## Assignment of Error No. 7

The trial court erred as a matter of law when it held that Appellants "had no rights" to enforce the parties' arbitration [clause].

## Assignment of Error No. 8

The trial court erred as a matter of law when it denied Appellants' motion and failed to enforce the parties' valid and binding arbitration [clause].

## Law and Analysis

{¶ 8} There is a strong public policy in Ohio favoring arbitration of disputes. *Sebold v. Latina Design Build Group, L.L.C.*, 2021-Ohio-124, ¶ 8 (8th Dist.). Therefore, under Ohio law, an arbitration clause in a written agreement

"'shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract.'" *Hurley v. Betfair Interactive*, 2024-Ohio-5488, ¶ 9 (8th Dist.), quoting R.C. 2711.01(A). There is a presumption of arbitrability when a contract contains an arbitration clause. *Id.,* citing *Academy of Medicine of Cincinnati v. Aetna Health, Inc.*, 2006-Ohio-657, ¶ 10-14. "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Sebold* at ¶ 10, citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

{¶ 9} Nevertheless, an arbitration clause is "'a contract within a contract, subject to revocation on its own merits.'" *Taylor Bldg. Corp. of Am. v. Benfield*, 2008-Ohio-938, ¶ 41, quoting *Abm Farms v. Woods,* 81 Ohio St.3d 498, 501-502 (1997). Therefore, "'an alleged failure of the contract in which [an arbitration clause] is contained does not affect the provision itself.'" *Id.,* quoting *id.* at 502. In order to defeat a motion to compel arbitration, "'a party must demonstrate that the arbitration provision itself in the contract at issue, and not merely the contract in general, was fraudulently induced.'" *Id.,* citing *id.,* citing *Krafcik v. USA Energy Consultants, Inc.*, 107 Ohio App.3d 59, 63 (8th Dist. 1995). Contract defenses, such as duress, unconscionability, lack of consideration, or fraud may apply to invalidate an arbitration clause. *McCann v. New Century Mtge. Corp.*, 2003-Ohio-2752, ¶ 39, (8th Dist.), citing *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 684-685 (1996); *Andersons, Inc. v. Horton Farms, Inc.*, 166 F.3d 308, 322 (6th Cir. 1998); *Estate of Mary Battle-King v. Heartland of Twinsburg*, 2021-Ohio-2267, ¶ 15 (8th Dist.).

{¶ 10} In the instant case, the trial court found the arbitration clause was both procedurally and substantively unconscionable, that Cleavenger lacked capacity to enter into it, and did so while under duress. Further, the court found that the contract was not supported by consideration. Preliminarily, we must address our standard of review.

**Standard of Review**

{¶ 11} When addressing a trial court's decision on a motion to compel arbitration, the standard of review depends on "'the type of questions raised challenging the applicability of the arbitration provision.'" *Doe v. Contemporary Servs. Corp.*, 2019-Ohio-635, ¶ 15 (8th Dist.), quoting *Kaminsky v. New Horizons Computer Learning Ctr. of Cleveland*, 2016-Ohio-1468, ¶ 12 (8th Dist.), citing *McCaskey v. Sanford-Brown College*, 2012-Ohio-1543 (8th Dist.). Here, Appellants challenge the trial court's finding that the contract and arbitration clause were unconscionable, and its findings regarding the contracts' formation, i.e., lack of capacity, lack of consideration, and duress.

{¶ 12} It is well settled that an appellate court reviews a claim of unconscionability under the de novo standard of review. *Id.* Further, we review any factual findings made by the trial court with great deference. *Benfield* at ¶ 2; *Myers v. Garson*, 66 Ohio St.3d 610, 614 (1993) ("Where the decision in a case turns upon credibility of testimony, and where there exists competent and credible evidence supporting the findings and conclusions of the trial court, deference to such findings and conclusions must be given by the reviewing court.").

{¶ 13} In contrast, this court will not overrule the trial court's decision to deny the motion to compel for duress, lack of capacity, or lack of consideration — which involve factual determinations — absent an abuse of discretion. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blue v. Bur. of Workers' Comp.*, 2023-Ohio-3481, ¶ 10 (8th Dist.), citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). A claim of duress or lack of capacity must be proven by clear and convincing evidence. *Lucarell v. Nationwide Mut. Ins. Co.*, 2018-Ohio-15, ¶ 6; *Snider-Cannata Interests, LLC v. Ruper*, 2010-Ohio-1927, ¶ 31 (8th Dist.). Further, a claim of lack of consideration must be proven by a preponderance of the evidence. *Santomieri v. Mangen*, 2018-Ohio-1443, ¶ 13 (3d Dist.). "Factual determinations must be supported by competent credible evidence and will not be disturbed save an abuse of discretion." *Hicks v. Cadle Co.*, 2019-Ohio-5049, ¶ 114 (11th Dist.), citing *Lozada v. Lozada*, 2014-Ohio-5700, ¶ 13; *Harris v. Rossi*, 2016-Ohio-7163, ¶ 20.

**The Trial Court's Decision to Address Unconscionability, Duress, and Lack of Capacity**

{¶ 14} In their first and second assignments of error, Appellants challenge the trial court's decision to consider Cleavenger's claims, at all. Appellants argue that the arbitration clause in the contract was broad enough to cover challenges to the formation of the contract and challenges alleging unconscionability. Accordingly, Appellants argue that the trial court should have immediately stayed the proceedings, referred the case to arbitration, and never allowed discovery or

reviewed the claims. However, Appellants did not raise this challenge before the trial court. Instead, Appellants countered Cleavenger's claims by alleging that the arbitration clause was not unconscionable, that the allegations of duress, including threats and coercion, were false, and challenged the claim of lack of capacity.

{¶ 15} It is well settled that a party cannot raise new arguments for the first time on appeal. *Cleveland Town Ctr., L.L.C. v. Fin. Exchange Co. of Ohio, Inc.*, 2017-Ohio-384, ¶ 21 (8th Dist.), citing *Bank of Am., N.A. v. Michko*, 2015-Ohio-3137, ¶ 28 (8th Dist.). For appellate purposes, a party waives any issue that they fail to raise in the first instance before the trial court. *Id.* citing *id.* This is true even when the appellate court's standard of review is de novo, which does not "supersede the settled practice of not addressing issues raised for the first time on appeal." *Hunter v. Shield*, 2018-Ohio-2371, ¶ 23 (10th Dist.), citing *Tucker v. Leadership Academy for Math*, 2014-Ohio-3307, ¶ 20 (10th Dist.). Therefore, we will not consider issues that were not previously addressed before the trial court.

{¶ 16} The first and second assignments of error are overruled.

**Hearing Requirement**

{¶ 17} In the third assignment of error, Appellants argue that it was plain error for the trial court to rule without conducting a hearing. While a review of the record establishes to this court's satisfaction that the trial court had sufficient evidence to determine that the making of the arbitration clause was at issue without a hearing, we find that there was insufficient evidence for the court to rule on Appellants' motion to compel arbitration without further testimony.

{¶ 18} This court has repeatedly held that "a hearing is mandatory on a motion to compel arbitration in order to determine the validity of the arbitration clause." *Marks v. Morgan Stanley Dean Witter Commercial Fin. Servs.*, 2008-Ohio-1820, ¶ 22 (8th Dist.), citing *McDonough v. Thompson,* 2003-Ohio-4655, ¶ 11 (8th Dist.); *see Costin v. Midwest Vision Partners, L.L.C.,* 2024-Ohio-463, ¶ 20 (8th Dist.); *see also Yoby v. Cleveland*, 2023-Ohio-2180, ¶ 17 (8th Dist.) (A challenge to the existence of the contract containing an arbitration clause raises a question of fact, which is subject to trial.). However, the hearing is only necessary if the party challenging the arbitration clause "'has presented sufficient evidence challenging the validity or enforceability of the arbitration provision to require the trial court to proceed to trial before refusing to enforce the arbitration clause.'" *Id.*, quoting *id.* at ¶ 13. This court has further found that a hearing is sufficient and "does not necessarily require an oral evidentiary hearing." *Costin* at ¶ 21.

> "[A] 'hearing' means any confrontation, oral or otherwise, between an affected individual [and a decisionmaker] sufficient to allow the individual to present the case in a meaningful manner. Hearings may take many forms, including a 'formal,' trial-type proceeding, an 'informal discuss(ion)' . . ., or a 'paper hearing,' without any opportunity for oral exchange."

(Brackets in original.) *Id.*, quoting *Liese v. Kent State Univ.,* 2004-Ohio-5322, ¶ 38, fn. 6 (11th Dist.), quoting *Gray Panthers v. Schweiker,* 652 F.2d 146, 148, fn.3 (C.A.D.C. 1980).

{¶ 19} Finally, a party may waive their right to a hearing if they fail to request one. *Nemec v. Morledge*, 2021-Ohio-3361, ¶ 17 (8th Dist.) (finding an oral hearing

is not mandatory absent a request), *Blue Technologies Smart Solutions, L.L.C. v. Ohio Collaborative Learning Solutions, Inc.*, 2020-Ohio-806, ¶ 26 (8th Dist.).

{¶ 20} The parties in this case did not request a hearing nor did they demand a jury trial; accordingly, the trial court was permitted to rule provided it had sufficient evidence to determine the issues in question. *Costin* at ¶ 22 (Trial court "heard" the parties under R.C. 2711.03(A) where they did not request a hearing, the parties debated the relevant issues in opposing briefs, and the disputed contracts were submitted to the court for review.). Additionally, neither party has suggested that there was an informal presentation of evidence or provided a statement pursuant to App.R. 9 to inform this court of any evidence presented off the record.

{¶ 21} Although neither party requested a hearing, there may be circumstances when a hearing is, nevertheless, required. This court has held that

> "'[w]hen determining whether a trial is necessary under R.C. 2711.03(B), the relevant inquiry is whether a party has presented sufficient evidence challenging the validity or enforceability of the arbitration provision to require the trial court to proceed to trial before refusing to enforce the arbitration clause.'"

*Costin* at ¶ 24, quoting *McDonough,* 2003-Ohio-4655 at ¶ 13, quoting *Garcia v. Wayne Homes, L.L.C.*, 2002-Ohio-1884, ¶ 29.

{¶ 22} The court went on to note that courts should proceed as they would in summary judgment, "proceeding to trial where the party moving for the jury trial sets forth specific facts demonstrating that a genuine issue of material fact exists regarding the validity or enforceability of the arbitration agreement." *Id.*, quoting *Garcia* at ¶ 30. Cleavenger made a showing that she would be relieved of her

contractual obligation to arbitrate if her claims proved true and presented some evidence to substantiate some of her factual allegations, because it was undisputed that NEAC asked her to sign new contracts, but disputed how that was accomplished. *See Costin* at ¶ 30.

{¶ 23} The issue here is that there were conflicting facts raised by both parties supported by affidavits of fact.[4] Those affidavits are sufficient to establish that there are genuine issues of material fact, warranting a hearing, even though neither party requested a hearing. However, those same affidavits are insufficient to deny Appellants' motion to compel arbitration, given the strong presumption in favor of arbitration and the limited record before us.

{¶ 24} When we look at the cases in which a court made a ruling on a motion to compel arbitration without a hearing, the cases suggest that there was sufficient evidence presented at the trial-court level to allow for a ruling. A hearing was not required where, (a) the parties had not requested a hearing and (b) there is sufficient evidence in the record for the trial court to make a ruling. In *Nemec*, this court upheld the trial court's decision to grant a motion to compel arbitration where

---

[4] Appellants challenge Cleavenger's affidavit arguing it was improperly notarized. We disagree. The notary's oath or affirmation that the signatory's statement was true and correct and they signed the document in the presence of the notary, included the date, the name of the notary, the limits of his jurisdiction, and that, as an attorney notary, his commission does not expire in substantial compliance with the requirements of R.C. 147.04. *See Stern v. Bd. of Elections,* 14 Ohio St.2d 175, 181 (1968) ("[T]he date, the name of the notary, the title of his office, the limits of his jurisdiction and the expiration date of his commission, all identify the notary and represent prima facie evidence of sufficient substantial compliance with the statutory requirements."); *Anderson v. Mitchell*, 2014-Ohio-1058, ¶ 8 (8th Dist.).

neither party requested a hearing, the parties submitted briefs and the plaintiff made unsubstantiated claims in her responsive brief, only attached a copy of the contracts, and failed to submit an affidavit in support of her arguments. *Id.* at ¶ 8, 19-20; *Marks*, 2008-Ohio-1820, at ¶ 37, 40 (Noting that the determination of whether to deny or grant a motion to compel arbitration can be very fact specific, this court found that the trial court appropriately denied motion to compel arbitration where neither party requested a hearing, the trial court scheduled a hearing but elected without objection to determine the issue on the briefs, and each party participated in discovery and submitted extensive evidentiary briefs addressing the relevant issues.); *Fin. Dilley v. Davis Auto Group, Inc.*, 2025-Ohio-432, ¶ 17 (11th Dist.) (The court determined that a hearing was not required. Where neither party requested a hearing, party filed motion for summary judgment, and each party briefed the issues under that standard and were sufficiently heard). Based on our review of the record, additional testimony was required to address the factual claims raised by the parties. Therefore, we find that the trial court erred when it denied Appellants' motion to compel arbitration without a hearing.

{¶ 25} Accordingly, the third assignment of error is sustained. As we find further testimony was required, we reverse the trial court's ruling rendering the fourth, fifth, sixth, and eighth assignments of error moot. The seventh assignment of error requires further discussion.

{¶ 26} In the seventh assignment of error, the trial court found that Appellants assigned their rights in the contract and therefore, did not have standing

to request arbitration. Based on our ruling in this case, it would be premature for this court to address this assignment of error.

> In general, delegation clauses provide that "an arbitrator, rather than a court, will decide 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy."

*Frederick v. Bluegreen Vacations Unlimited, Inc.*, 2024-Ohio-2162, ¶ 7 (8th Dist.), quoting *Westlake Servs., L.L.C. v. Chandler*, 2023-Ohio-3714, ¶ 26, quoting *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010).

{¶ 27} Whether or not the Appellants have standing to raise arbitration requires an interpretation of the arbitration clause, which the parties have delegated to the arbitrator. If the trial court determines that the arbitration clause is valid, the question must be submitted to the arbitrator. If the court determines the arbitration clause is invalid, the question is moot. Accordingly, a ruling on the seventh assignment of error is premature at this time, and we decline to address the question.

{¶ 28} Based on the foregoing, the trial court's decision is reversed.

{¶ 29} Judgment reversed and case remanded for hearing.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

EILEEN T. GALLAGHER, P.J., and
DEENA R. CALABRESE, J., CONCUR