[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *French v. Ascent Resources-Utica, L.L.C.*, Slip Opinion No. 2022-Ohio-869.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-869

FRENCH ET AL., APPELLANTS, *v*. ASCENT RESOURCES-UTICA, L.L.C., APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *French v. Ascent Resources-Utica, L.L.C.*, Slip Opinion No. 2022-Ohio-869.]

*Property law—Contracts—R.C. 2711.01(B)(1)—An action seeking a determination that an oil and gas lease has expired by its own terms is a controversy involving the title to or the possession of real estate and, under R.C. 2711.01(B)(1), is not subject to arbitration—Court of appeals' judgment reversed and cause remanded.*

(No. 2021-0166—Submitted January 26, 2022—Decided March 24, 2022.)

APPEAL from the Court of Appeals for Jefferson County,

No. 19 JE 0015, 2020-Ohio-4719.

_____

**KENNEDY, J.**

{¶ 1} This discretionary appeal from a judgment of the Seventh District Court of Appeals presents a single question: is an action seeking a determination that an oil and gas lease has expired by its own terms a controversy "involving the title to or the possession of real estate" so that the action is exempt from arbitration under R.C. 2711.01(B)(1)?

{¶ 2} The answer to that question is yes. An oil and gas lease grants the lessee a property interest in real estate that affects the title to the land and permits the lessee to physically occupy the land to the extent reasonably necessary to the production of oil and gas—i.e., the lessee acquires the right to enter the property and construct wells, buildings, telephone lines, pipelines, powerlines, and roads. And once an oil and gas lease expires under its own terms, the property interest granted under the lease reverts to the lessor by operation of law and the lessee no longer has any right to occupy the land. Consequently, an action seeking a determination that an oil and gas lease has expired is a controversy involving the title to or the possession of real estate and, under R.C. 2711.01(B)(1), the action is not subject to arbitration.

{¶ 3} Because the trial court correctly declined to stay the action at issue in this case pending arbitration, we reverse the contrary judgment of the court of appeals and remand the matter to the trial court for further proceedings consistent with this opinion.

## I. Facts and Procedural History

{¶ 4} Appellants, Michael P. French, Karen L. French, Thomas E. Sutherland, Cynthia L. Sutherland, John D. Sutherland (trustee of the Sutherland Family Revocable Trust), and Lloyd D. and Mary Ann Boyd (trustees of the Lloyd and Mary Ann Boyd Irrevocable Trust) (collectively, "French"), are the joint owners of a tract of land in Smithfield Township known as the "Sutherland Farm." Appellee, Ascent Resources-Utica, L.L.C., acquired leases to the oil and gas rights

to the property. The leases permitted the lessee to physically occupy the land and granted it the rights to construct wells and buildings, to erect telephone lines, pipelines, and powerlines, and to build roads. The leases had a primary term of five years and a secondary term for "as long thereafter as oil or gas * * * or either of them, is produced from said land by the Lessee, its successors and assigns." They also provided that the primary term could be extended under the following circumstances:

> If at the expiration of the primary term, oil or gas is not being produced on the leased premises or on acreage pooled therewith, but Lessee is engaged in drilling, deepening, plugging back or reworking operations thereon or shall have completed a dry hole thereon within ninety (90) days prior to the end of the primary term, this lease shall remain in force so long as operations on said well, or for the drilling, deepening, plugging back, or reworking of any additional well, are prosecuted with no cessation of more than ninety (90) consecutive days and, if they result in the production of oil or gas, so long thereafter as oil or gas is produced from the leased premises, or upon acreage pooled therewith.

As subsequently amended, the leases further stated:

> Commencement of operations shall be defined as Lessee having secured a drilling permit from the State and further entering upon the herein described premises with equipment necessary to build any access road(s) for drilling of a well subsequently followed by a drilling rig for the spudding of the well to be drilled, and the commencement and completion of the drilling of a well.

**{¶ 5}** The amended leases also purported to require arbitration: "Any questions concerning th[e] lease or performance there under shall be ascertained and determined by three disinterested arbitrators * * * and the award of such collective group shall be final and conclusive."

**{¶ 6}** French brought an action for declaratory judgment in the Jefferson County Court of Common Pleas, alleging that the oil and gas leases had terminated because Ascent failed to produce oil or gas or to commence drilling operations within the terms of the lease. Ascent answered French's complaint and counterclaimed for a declaration that the leases had not expired. It alleged that it had obtained permits to drill wells on the land and had begun constructing them before the expiration of the leases, and it alleged that it began drilling and producing oil or gas thereafter.

**{¶ 7}** Ascent subsequently moved to stay the action pending arbitration. The trial court denied the request for a stay, concluding that French's claims involved the title to or the possession of real property and therefore were exempt from arbitration pursuant to R.C. 2711.01(B)(1).

**{¶ 8}** The Seventh District reversed, reasoning that "even though oil and gas leases create an interest in real estate, they are not issues concerning title to or possession of real estate. There is no dispute that [French holds] title to the Sutherland Farm. There is also no indication that [French's] title to or possession of the Sutherland Farm is at stake regardless of how this action is resolved." 2020-Ohio-4719, ¶ 24. The appellate court concluded that R.C. 2711.01(B)(1) did not preclude arbitration of the controversy, and it remanded the matter to the trial court for it to decide whether Ascent had lost its right to arbitrate the controversy by failing to timely assert that right. *Id.* at ¶ 26-29.

**{¶ 9}** We accepted French's appeal to review a single proposition of law:

4

Whether R.C. 2711.01(B)(1), which excepts controversies involving title to or possession of real estate from arbitration, is applicable to declaratory judgment actions in which a landowner seeks a declaration that title in the landowner's oil and gas estate has reverted to said landowner because an oil and gas lease has expired by its own terms due to the lessee's failure to satisfy certain conditions in the lease.

*See* 162 Ohio St.3d 1437, 2021-Ohio-1399, 166 N.E.3d 1254.

{¶ 10} The sole issue in this appeal, then, is whether an action seeking a determination that an oil and gas lease has expired involves "the title to or the possession of real estate" within the meaning of R.C. 2711.01(B)(1).

## II. Law and Analysis

### A. Standard of Review

{¶ 11} "The interpretation of a statute is a question of law that [this court] reviews de novo." *Stewart v. Vivian*, 151 Ohio St.3d 574, 2017-Ohio-7526, 91 N.E.3d 716, ¶ 23.

### B. Statutory Construction

{¶ 12} In order to resolve the issue before this court, we return to a familiar place: statutory interpretation. As we explained long ago, "[t]he question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact." *Slingluff v. Weaver*, 66 Ohio St. 621, 64 N.E. 574 (1902), paragraph two of the syllabus. Moreover, "[a]n unambiguous statute is to be applied, not interpreted." *Sears v. Weimer*, 143 Ohio St. 312, 55 N.E.2d 413 (1944), paragraph five of the syllabus.

### C. R.C. 2711.01

{¶ 13} R.C. 2711.01(A) states, "A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that

subsequently arises out of the contract * * * shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract." In turn, R.C. 2711.01(B)(1) provides that R.C. 2711.01 through 2711.16—a statutory scheme that includes the authority for a court to stay proceedings pending arbitration, *see* R.C. 2911.02(B)—"do not apply to controversies involving the title to or the possession of real estate."

{¶ 14} This court has explained that "the natural meaning of the word 'involving' is 'to relate closely' or 'connect.' " *State ex rel. Suwalski v. Peeler*, ___ Ohio St.3d ___, 2021-Ohio-4061, ___ N.E.3d ___, ¶ 21, quoting *Webster's Third New International Dictionary* 1191 (1993). The word "title" means " '[t]he union of all elements (as ownership, possession, and custody) constituting the legal right to control and dispose of property.' " *Chesapeake Exploration, L.L.C. v. Buell*, 144 Ohio St.3d 490, 2015-Ohio-4551, 45 N.E.3d 185, ¶ 59, quoting *Black's Law Dictionary* 1712 (10th Ed.2014). And the word "possession" means "the exercise of dominion over property." *Black's Law Dictionary* at 1351.

### D. The Nature of Oil and Gas Leases

{¶ 15} It is well settled in our caselaw that an oil and gas lease grants the lessee a property interest in the land. *Bohlen v. Anadarko E & P Onshore, L.L.C.*, 150 Ohio St.3d 197, 2017-Ohio-4025, 80 N.E.3d 468, ¶ 12; *Harris v. Ohio Oil Co.*, 57 Ohio St. 118, 129-130, 48 N.E. 502 (1897). Notably, R.C. 5301.09 provides that all oil and gas leases must be recorded in the applicable county's land records, "[i]n recognition that such leases and licenses create an interest in real estate." *See also* R.C. 317.08(A)(25). This is consistent with our prior determination that when an oil and gas lease burdens property, it prevents the landowner from passing "title free and clear of all liens and encumbrances." *Karas v. Brogan*, 55 Ohio St.2d 128, 129, 378 N.E.2d 470 (1978). And our decision in *Buell* made clear that an "oil and gas lease constitutes *a title transaction* because it *affects title*" to real estate.

(Emphasis added.) *Id.* at ¶ 66; *see also* R.C. 5301.47(F) (defining "title transaction" for purposes of Ohio's Marketable Title Act, R.C. 5301.47 et seq.).

{¶ 16} In addition, an oil and gas lease affects the possession of the land. As this court said long ago in *Harris*, an oil and gas lease "is a lease of the land for the purpose and period limited therein, and *the lessee has a vested right to the possession of the land to the extent reasonably necessary to perform the terms of the instrument* on his part." (Emphasis added.) *Id.* at 129-130. Similarly and more recently, this court explained in *Buell* that an oil and gas lease affects the possession of the land "[b]ecause the lessee also enjoys reasonable use of the surface estate to accomplish the purposes of the lease." *Id.* at ¶ 60. That is, the lessee may exercise dominion over the part of the real estate that is subject to the lease, sometimes to the exclusion of the lessor.

{¶ 17} What happens, then, when an oil and gas lease expires under its own terms? Our precedent also supplies the answer to that question.

{¶ 18} "Generally, a contemporary oil and gas lease sets forth the duration of the lease in a habendum clause that contains two tiers: a 'primary term' and a 'secondary term.' " *Bohlen*, 150 Ohio St.3d 197, 2017-Ohio-4025, 80 N.E.3d 468, at ¶ 16. "The primary term sets forth a period of definite duration, and the secondary term then sets forth a period of indefinite duration, permitting extension of the lease as long as certain conditions are met, typically, when oil and gas are produced in paying quantities." *Id.* If the conditions of the primary term or the secondary term are not met, then the lease terminates by its express terms and the property interest that it created is revested to the lessor by operation of law. *State ex rel. Claugus Family Farm, L.P. v. Seventh Dist. Court of Appeals*, 145 Ohio St.3d 180, 2016-Ohio-178, 47 N.E.3d 836, ¶ 20. The expiration or termination of an oil and gas lease returns the lessor and the lessee to the status quo prior to the execution of the lease: the lease no longer encumbers the land or affects title to it,

and the lessee has no right to possess it. *See Buell*, 144 Ohio St.3d 490, 2015-Ohio-4551, 45 N.E.3d 185, at ¶ 73.

### *E. Application of Law to the Leases in this Case*

**{¶ 19}** The oil and gas leases at issue in this case are no different from the typical lease discussed above. The leases grant rights to Ascent to explore the land for oil and gas and to produce it, and they permit Ascent to physically occupy the land, which includes the rights to construct wells and other facilities, to erect telephone lines, pipelines, and powerlines, and to build roads. The leases also include a primary term and a secondary term, and they state that the leases terminate unless a well is producing oil or gas or unless Ascent has commenced drilling operations within 90 days of the expiration of the primary term. Therefore, the oil and gas leases may terminate by operation of law if certain conditions stated in their terms are not met.

**{¶ 20}** The action in this case is therefore a controversy involving the title to or the possession of real property. If the action is successful, it will quiet title to the property, remove the leases as encumbrances to the property, and restore the possession of the land to the lessors. If the action is unsuccessful, however, title to the land will remain subject to the leases, affecting the transferability of the property. *See Buell* at ¶ 64. Also, Ascent would have the continued right to possess and occupy the land, as permitted by the leases, denying French the right to use the property without restriction. *See id*. Either way, the action closely involves the title to or the possession of real property and, under R.C. 2711.01(B)(1), the action is not subject to arbitration.

### III. Conclusion

**{¶ 21}** An action seeking a determination that an oil and gas lease has expired by its own terms is a controversy involving the title to or the possession of real estate and, under R.C. 2711.01(B)(1), the action is not subject to arbitration. The Seventh District Court of Appeals therefore erred in reversing the trial court's

judgment declining to stay the action in this case pending arbitration. Consequently, we reverse the judgment of the Seventh District and remand the matter to the trial court for further proceedings consistent with this opinion.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

————————————

Buckingham, Doolittle & Burroughs, L.L.C., Joshua E. O'Farrell, and Jude B. Streb, for appellants.

Frost Brown Todd, L.L.C., Matthew C. Blickensderfer, Kevin L. Colosimo, and Christopher W. Rogers, for appellee.

Thomas A. Hill and Joseph N. Spano, urging reversal for amicus curiae, Eric Petroleum Corporation.

————————————